Signed: January 06, 2005

**SO ORDERED**



**E. STEPHEN DERBY**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | | |
| Harry Deible Brown and | | Case No. 04-26528 |
| Sharon Kay Brown, | * | |
|      Debtors. | | Chapter 7 |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| Fort Meade Community Credit Union | | |
|      Plaintiff, | * | |
| | | |
| | * | |
| v. | | |
| | * | Plaintiff Adversary No. 04-2143 |
| | | |
| Harry Deible Brown and | * | |
| Sharon Kay Brown, | | |
|      Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION AND ORDER
### DISMISSING THE COMPLAINT

### Facts

Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States

Code on July 9, 2004.  Notice of the First Meeting of Creditors and deadlines to file objections to discharge and motions to determine dischargeability went out to all scheduled creditors that same day. In their petition for relief, Debtors scheduled a debt owing to Plaintiff, Fort Meade Community Credit Union, in the amount of $5,160.00.  A representative of Fort Meade attended the Debtors' First Meeting of Creditors on August 12, 2004.  The deadline to file objections to discharge and motions to determine dischargeability was October 12, 2004.  An Order granting Debtors' discharge was entered on October 20, 2004.

On October 22, 2004, Fort Meade Community Credit Union filed its Complaint to Determine Dischargeability of Debt, alleging the debt owed was not dischargeable pursuant to 11 U.S.C. § 523(a)(2) and objecting to Debtors' discharge under § 727(a)(4).  Fort Meade sought judgment entered in its favor in the amount of $4,102.38, plus attorney's fees of $615.35.  Fort Meade alleges that at Debtors' 341 Meeting of Creditors it discovered that Debtors had falsely misrepresented the value of their automobile and boat in their loan documentation, on which Fort Meade had reasonably relied in granting an automobile loan on April 22, 2004, and that it would not have granted the loan had it known the true value of those vehicles.  On October 26, 2004, Debtors filed an opposition to the complaint, and they moved to dismiss the complaint as untimely filed.  Fort Meade responded to the opposition motion.

## Analysis

Federal Rules of Bankruptcy Procedure prescribe the time required to file complaints objecting to discharge and to determine dischargeability.  See Fed. R. Bankr. P. 4004 and 4007.  Rules 4004(a) and 4007(a) state that in a chapter 7 case, a complaint objecting to discharge under §727 or to

determine dischargeability under § 523(c) "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)."[1] Id.   This time limitation may be extended, but a motion requesting an extension of the bar date "shall be filed before the time has expired", i.e. before the 60 day period expires.  Id. at 4004(c) and 4007(c); see also Fed. R. Bankr. P. 9006(b)(3).

Recently, the United States Supreme Court has stated that these particular rules are not jurisdictional, but procedural in nature, and they may be waived if not asserted before the court determines the merits of the case.  In re Kontrick, 124 S.Ct. 906 (2004).  The Court did not expressly hold that the failure to file before the deadline acts as an absolute bar to recovery, but it opined that, in the case before it, the debtor would have prevailed if he had raised the issue of timeliness sooner.  See id. at 917.  Further, the Court opined that claim-processing rules serve, in part, to "afford the debtor an affirmative defense to a complaint filed outside the Rules 4004(a) and (b) limits."  Id. at 916.  Other courts have held that absent exceptional circumstances these complaints will not be considered after the bar date.  See In re McKoy, 211 B.R. 843,846 (E.D.Va..1997) (citing Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 248 (4th Cir.1994)).  See also In re Asbury, 250 B.R. 59, 65 (Bankr. D. Md. 2000) (holding that a creditor seeking to determine dischargeability under § 523(c) must do so before the 60 day deadline or seek an extension before the limitation period expires).  Furthermore, filing a complaint objecting to discharge under § 727 after the discharge order has been entered is improper

---

[1] 11 U.S.C. § 523(c) provides that, subject to certain exceptions not relevant in this case,  "a debtor shall be discharged from a debt of a kind specified in paragraph (2), (4),(6), and (15), unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6) or (15), as the case may be, of subsection (a) of this section."

without first seeking to have the discharge order stricken from the record.  Id. at 66.  An order granting

a discharge may only be stricken if the Code permits.  Id.

Fort Meade Community Bank did not file its Complaint until October 22, ten days after the

filing deadline.  Fort Meade knew of its cause of action at least since the meeting of creditors held on

August 12, 2004.  Further, Fort Meade does not allege any reason whatsoever as to why it filed the

complaint after the bar date.  Fort Meade states only that Debtors were aware of its intention to file the

complaint and that it would be inequitable to argue that a 10-day delay should act as a bar.  Given that

Fort Meade offers no reason for why it could not file this complaint prior to the bar date, even though it

had actual notice of the bankruptcy and participated in the bankruptcy case, the complaint must be

dismissed.  See In re McKoy, 211 B.R. at 846 ("the Rule 4007(c) time limit for objecting to discharge

is not easily avoided.").  In addition, there is no reason alleged that is cognizable under the Bankruptcy

Code why the order granting Debtors' discharge should be stricken.

It is, therefore, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that Debtors' Motion to Dismiss is GRANTED; and it is further

**ORDERED**, that the Complaint against Harry Dieble Brown and Sharon Kay Brown is

DISMISSED.

**End of Order**

cc:     Glenn N. Klavans, Esquire
        7310 Ritchie Highway
        Empire Towers – Suite 202
        Glen Burnie, MD 21061-3068
        Attorney for Debtor

Harry Dieble Brown, Jr.
123 Lincoln Avenue
Glen Burnie, MD 21061
Debtor


Sharon Kay Brown
123 Lincoln Avenue
Glen Burnie, MD 21061
Debtor

Sean C. Logan, Trustee
Logan Russack, LLC
2530 Riva Road
Suite 308
Annapolis, MD 21401